UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KROPF,

        Plaintiff,

v.

        Case Number 10-11989
        Honorable David M. Lawson

TCA, Inc, d/b/a THE COLLECTION AGENCY,
and REBECCA PARKS,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT REBECCA PARKS'S COUNTERCLAIM

The plaintiff filed this case alleging violations of the Fair Debt Collection Practices Act (FDCPA) by the defendants, who allegedly harassed the plaintiff in an attempt to collect a debt. Defendant Rebecca Parks filed a counterclaim seeking attorney's fees and costs on the ground that the plaintiff's lawsuit was filed in bad faith as an attempt to harass the defendants. The plaintiff has filed a motion to dismiss the counterclaim on the ground that the request for fees and costs is premature under the statute. Parks opposes the motion. The Court has reviewed the submissions of the parties and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court finds that defendant Parks's request for attorney's fees is premature and the Fair Debt Collection Practices Act does not create an independent cause of action for attorney's fees. Therefore, the Court will grant the plaintiff's motion and dismiss the defendant's counterclaim without prejudice. The defendant may file a motion for attorney's fees at the appropriate time. *See* Fed. R. Civ. P. 54(d).

## I.

According to the complaint, in January 2008 a non-party creditor contacted TCA, Inc. (doing business as "The Collection Agency") to collect an out-of-state judgment against a judgment debtor named Tim Kropt. In May 2009, TCA obtained the location and contact information for Timothy Kropf, the plaintiff in this case but not the correct debtor, and attempted to collect the debt from him, apparently overlooking the fact that Mr. Kropf's last name was different that the judgment debtor's. The plaintiff alleges that the defendants failed to verify his identity before pursuing "a reckless and egregious campaign of collector harassment" against him. Compl. ¶ 14. The complaint describes several contacts by the defendants, including collection letters asserting a debt of $2,353.79, telephone calls where the caller hung up when Mr. Kropf's answering machine picked up, telephone answering machine messages that did not identify the caller or the company (allegedly placed by TCA representative Linda Greene), and conversations with collectors who would not identify themselves or clarify earlier answering machine messages. TCA and its president Rebecca Parks deny the allegations of inappropriate contacts.

On July 2, 2009, a TCA representative called and made verbal contact with the plaintiff, but apparently failed to disclose the details of the alleged debt. Mr. Kropf alleges that this call and the company's allegedly deceptive "we're on your side" approach upset him, in part because he was unable to determine if the debt was genuine. Later that day, Mr. Kropf called TCA, advised the representative that she had the wrong person, and asked her to stop harassing him. Mr. Kropf alleges that he was so upset by the end of this call that he was shaking. TCA and Ms. Parks assert that Mr. Kropf demanded monetary damages during this phone call and was verbally abusive to Ms. Greene.

At some point during this period of harassment (the date is not specified in the record), Mr. Kropf contacted the Michigan Attorney General's office and filed a complaint against TCA in an attempt to stop the collection calls. In response to contacts from attorney general personnel, TCA admitted that it had contacted the wrong person and described its actions after learning its mistake. The attorney general apparently found no basis to pursue Mr. Kropf's complaint, but he responded to Mr. Kropf's inquiry by informing him that TCA had admitted it had contacted the wrong person.

On May 18, 2010, Mr. Kropf filed a complaint in this Court against TCA, Inc. and its president, Rebecca Parks, alleging violations of the FDCPA (count I), violations of the Michigan Collection Practices Act (count II), negligent supervision by Parks over her employees and TCA activities (count III), intentional infliction of emotional distress (count IV), and intrusion upon seclusion (count V). The plaintiff seeks actual, consequential, and statutory damages.

On June 24, 2010, defendant Rebecca Parks filed a *pro se* answer to the complaint, affirmative defenses, and a counterclaim, all on behalf of herself. Defendant TCA has not appeared or pleaded. In the counterclaim, Ms. Parks asserts that Mr. Kropf brought his lawsuit "in bad faith, as a means of harassment, intimidation, and for personal financial gain in a case or situation which has no merit, was a bona fide error, and was clearly resolved responsibly and timely, pursuant to the Fair Debt Collection Practices Act." Counterclaim at 7-8. She asserts that Mr. Kropf contacted the TCA offices on two occasions "exclusively to swear and curse at the collector, Linda Greene, and make a demand of $5000.00 in exchange for him not contacting the Attorney General." *Id.* at 8. Ms. Parks seeks "a judgment . . . against the Defendant to the Counterclaim for court costs and attorney fees, actual damages for verbal and extreme harassment, [and] pursuing a claim without merit." *Id.* at 9.

On July 7, 2010, plaintiff Kropf filed a motion to dismiss the counterclaim. He argues that the defendant may seek attorney's fees only by filing a motion after a determination by the Court that the plaintiff's action was brought in bad faith, which has not occurred. The plaintiff also argues that the FDCPA does not provide an independent cause of action for attorney's fees; therefore, the defendant's counterclaim is not justiciable and should be dismissed for failure to state a claim. In response, the defendant argues that the counterclaim is legally and factually related to the plaintiff's complaint, the allegations in the counterclaim properly defeat or diminish the plaintiff's claim, the claim is ripe, and the defendant has alleged a separate cause of action in addition to her request for attorney's fees.

II.

A.

The plaintiff has attached to his motion a number of documents describing contacts with a woman who represented that she was the defendant's attorney but who has not filed an appearance in this case. A motion to dismiss under Rule 12(b)(6) is confined to a consideration of the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). "[A] court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'" *Ibid.* (citing Fed. R. Civ. P. 12(d)). The Court believes that the documents attached to the plaintiff's motion would not aid in resolving the legal issues presented in the motion, and summary judgment is inappropriate at this time. Therefore, the Court will not consider the documents supplied by the plaintiff. The motion to dismiss will be determined on the motion papers only.

B.

A motion to dismiss is governed by Rule 12(b) of the Federal Rules of Civil Procedure, which allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Motions to dismiss under Rule 12(b)(6) generally require the Court to construe the complaint in the light most favorable to the non-moving party and determine whether the party has presented "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544, 570 (2007). However, this procedural device allows the Court to dismiss a claim on the basis of a dispositive legal issue, independent of the facts presented by the parties. *See, e.g.*, *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989). The parties have presented the Court with a pure legal question concerning the propriety of the defendant's counterclaim.

> Section 1692k(a)(3) of the FDCPA states:
>
> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

Although some courts have found that this statute authorizes a counterclaim for attorney's fees, *see Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989), the majority of cases to consider this issue have instead dismissed the counterclaim as premature or for lack of a statutory cause of action, permitting defendants to renew attorney's fee requests at the conclusion of the case. *See Hardin v. Folger*, 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (dismissing the counterclaim

because section 1692k(a)(3) "provides *relief*, but not a claim, to defendants" and noting that the decision to grant attorney's fees was itself discretionary following a determination by the Court that the action was brought in bad faith); *Kirscher v. Messerli & Kramer, P.A.*, No. 05-1901, 2006 WL 145162, at *7 (D. Minn. Jan. 18, 2006) (dismissing the defendant's counterclaim but permitting it to request attorney's fees via a motion filed at a later stage in the proceedings); *Young v. Reuben*, No. 04-0113, 2005 WL 1484671, at *1-2 (S.D. Ind. June 21, 2005) (same); *Taylor v. Frost-Arnett Co. of Tenn.*, No. 98-0564, 1998 WL 472052, at *1 (E.D. La. Aug. 5, 1998) (determining that "[t]he bad faith and harassment allegations of the counterclaim, even if proved, afford neither a defense to the merits of the case nor provide the defendant with a cause of action under the FDCPA," and dismissing the defendant's counterclaim without prejudice to the defendant filing a motion for attorney's fees later); *Chlanda v. Wymard*, No. 3-93-321, 1994 WL 583124, at *1 (S.D. Ohio Aug. 16, 1994) (finding that the defendant's request was not ripe until after a decision by the court on the merits and that the statute did not create a cause of action but instead anticipated that a defendant would proceed via a motion for attorney's fees).

The Court finds that the latter approach is preferred and consistent with the Federal Rules of Civil Procedure. Rule 54, for example, states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Section 1692k is retrospective, and it does not require proof of attorney's fees at trial. Instead, it contemplates a post-trial proceeding following an assessment of the merits of a plaintiff's complaint.

The defendant also argues that her counterclaim includes an independent claim for damages against the plaintiff for harassment, which should be allowed. That argument is not well taken. The primary allegations in the counterclaim address the plaintiff's filing in this Court, contending the complaint was made in bad faith. The relief sought is in the form of attorney's fees. The only legal authority cited in the counterclaim is 15 U.S.C. § 1692k(a)(3). There are statements in the counterclaim that the plaintiff engaged in harassing conduct, but that conduct was directed at Linda Greene. The counterclaim was filed solely on behalf of defendant Parks, who admitted that she "was not personally involved in the collection of the debt at issue." Counterclaim ¶ 3. Parks has not indicated that she is an attorney, and therefore she cannot assert claims on behalf of others, including the corporation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993) (describing a long-standing rule that a "corporation may appear in the federal courts only through licensed counsel.").

The Court will construe a *pro se* litigant's papers liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The allegations in the defendant's counterclaim do not state an independent cause of action for harassment on behalf of Ms. Parks.

III.

The Court finds that the counterclaim fails to state a cognizable claim. However, the defendant may file a motion for attorney's fees under 15 U.S.C. § 1692k(a)(3) at the appropriate time at the conclusion of the litigation.

Accordingly, it is **ORDERED** that the plaintiff's motion to dismiss [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the defendant's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 22, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 22, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL